Jonathan A. Scobie, Esq. (Bar No. 018302009)
Jacob E. Ballarotto, Esq. (Bar No. 116002014)
**STEVENS & LEE, P.C.**
A Pennsylvania Professional Corporation
510 Carnegie Center Drive, Suite 400
Princeton, NJ 08540
T: 609-987-6656
*Counsel for Defendants David L. Bailin and Bailin Wealth Strategies, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| INTEGROUS WEALTH STRATEGIES, LLC, a New Jersey Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID L. BAILIN, individually and as Managing Partner and Chief Compliance Officer of INTEGROUS WEALTH STRATEGIES, LLC, and BAILIN WEALTH STRATEGIES, LLC, a Florida Limited Liability Company<br><br>Defendants. | : | Civil Action No. ___________________<br><br>(Removed from Superior Court of New Jersey, Bergen County, Chancery Division, Docket No.: BER-C-000269-26)<br><br>**NOTICE AND PETITION FOR REMOVAL OF CASE FROM SUPERIOR COURT OF NEW JERSEY, CHANCERY DIVISION, BERGEN COUNTY** |

TO: Melissa E. Roads, Esq.
Clerk of Court
United States District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07102

Michael Smikun, Esq.
Robert J. Solomon, Esq.
CALLAGY LAW, P.C.
650 From Road, Suite 565
Paramus, New Jersey 07652
msmikun@callagylaw.com
rsolomon@callagylaw.com

Defendants David L. Bailin ("Bailin") and Bailin Wealth Strategies, LLC ("Bailin Wealth Strategies") (together, "Defendants"), by and through their undersigned counsel, hereby remove this action, pending in the Superior Court of New Jersey, Chancery Division, Bergen County, Case No. BER-C-000269-26 ("State Court Action"), to the U.S. District Court for the District of New Jersey, Newark Vicinage, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and in support thereof, Defendants state as follows:

**PARTIES' ADDRESSES PURSUANT TO LOCAL CIVIL RULE 10.1**

1. Pursuant to Rule 10.1(a) of the Local Civil Rules, the addresses of the named parties are as follows:

   a. According to the Verified Complaint ("Complaint"), Plaintiff Integrous Wealth Strategies, LLC ("Plaintiff" or "Integrous Wealth Strategies") has its principal place of business at 2277 Route 33, Suite 415, Hamilton, New Jersey 08690.

   b. Integrous Wealth Strategies is represented in this action by Michael Smikun and Robert J. Solomon of Callagy Law, P.C., Mack-Cali Center II, 650 From Road, Suite 565, Paramus, New Jersey 07652.

   c. Defendant David Bailin's address is 12448 SE Plandome Dr., Hope Sound, Florida, 33455.

   d. Defendant Bailin Wealth Strategies has its principal place of business at 12448 SE Plandome Dr., Hope Sound, Florida, 33455.

   e. Defendants are represented in this action by Jonathan A. Scobie (Bar No. 018302009) of Stevens & Lee, P.C., 510 Carnegie Center Drive, Suite 400, Princeton, New Jersey 08540, and Mark Kowalsky (*pro hac vice* admission forthcoming) and Vincent C. Sallan (*pro hac vice* admission forthcoming) of

Taft Stettinius & Hollister, LLP, 27777 Franklin Road, Suite 2500, Southfield Michigan 48034.

2. On October 22, 2026, Plaintiff filed a Complaint with an Order to Show Cause in the Superior Court of New Jersey, Bergen County, Chancery Division, titled *Integrous Wealth Strategies, LLC v. David Bailin and Bailin Wealth Strategies, LLC*, Case No. BER-C-000269-26.

3. On October 22, 2026, Plaintiff's counsel provided an electronic courtesy copy of the filed Complaint with Order to Show Cause to Defendants' counsel.

4. The following day, on October 23, 2026, the Hon. Nicholas Ostuni, Bergen County, Chancery Division, entered an Order to Show Cause with Temporary Restraints.

5. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days of Defendants' receipt of Plaintiff's initial pleading setting forth the claim for relief upon which such action or proceeding is based.

6. Attached are copies of all process, pleadings, and orders served upon Defendants in the State Court Action, pursuant to 28 U.S.C. § 1446(a):

a. Exhibit A is a true and correct copy of the Complaint with Order to Show Cause;

b. Exhibit B is a true and correct copy of the Order to Show Cause with Temporary Restraints entered by the State Court; and

c. Exhibit C is all other papers filed in the State Court Action.

7. No further process, pleadings, or motions have been served.

**VENUE**

8. Pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1391(b)(2), venue is proper in the U.S. District Court for the District of New Jersey because this judicial district embraces the place

in which the State Court Action is pending, and this is the judicial district in which a substantial part of the alleged events or omissions giving rise to Plaintiff's claims occurred.

**FEDERAL QUESTION JURISDICTION EXISTS UNDER 28 U.S.C. § 1331**

9. The United States District Court of the District of New Jersey has federal question jurisdiction over this case based on 28 U.S.C. § 1331.

10. Plaintiff's Complaint alleges a violation of Section 205 of the Investment Advisers Act of 1940. The Investment Advisers Act of 1940 is codified at 15 U.S.C. § 80b et seq. *See* Exhibit "A" at 34.

11. As a result, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the Constitution, laws, or treaties of the United States.

12. Removal of the State Court Action is therefore proper under 28 U.S.C. § 1441(a), which permits removal of an action over which a district court of the United States would have original jurisdiction.

13. Additionally, Plaintiff's Complaint includes state law claims in Counts I-V and VII-XVI. *See* Exhibit "A" at 24-46.

14. Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." When state law claims share "a common nucleus of operative fact" with federal law claims, the state law claims are amenable to supplemental jurisdiction under 28 U.S.C. § 1367(a). *Hill v. Cohen*, 40 F.4th 101, 112 (3d Cir. 2022) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

15. Plaintiff's state law claims in Counts I-V and VII-XVI of the Complaint arise out of the same operative facts as the federal question claim in Count VI so as to form part of the same controversy. *See* Exhibit "A" at 24-46. Plaintiff's state law claims are, at least in part, based on its allegations that Defendants violated 205 of the Investment Advisers Act of 1940, 15 U.S.C. § 80b-15, by assigning investment advisory contracts without clients' affirmative consent and allegedly thereby improperly diverting clients. *See e.g.,* Compl., Count I, at ¶ 111; Count II, at ¶ 117; Count III, at ¶ 123, Count V, at ¶ 138; Count VII, at ¶¶ 153-154; Count IX, at ¶ 168; and Count XV, at ¶ 198. Plaintiffs also allege that Bailin had responsibilities "for ensuring the firm's compliance with the Investment Advisers Act of 1940 and all applicable regulations." *See* Compl., at ¶ 66.

16. Therefore, this Court has supplemental jurisdiction over the state law claims in the Complaint.

17. Accordingly, this action arises under the laws of the United States as is required under 28 U.S.C. § 1331, and this Court has supplemental jurisdiction over the attendant state law claims under 28 U.S.C. § 1367.

**NOTICE TO PLAINTIFF**

18. Attached and incorporated as Exhibit D is a copy of the Notice of Filing of Notice of Removal (without exhibits), the original of which (with exhibits) will be filed in the Superior Court of New Jersey, Chancery Division, Bergen County, as 28 U.S.C. § 1446(d) requires.

19. Pursuant to 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, Defendants will promptly give written notice thereof to Plaintiff's counsel of record.

20. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to conduct discovery, brief any disputed issues, and present oral argument in favor of its position that this case is properly removed.

21. Defendants do not admit any fact, law, or liability by filing this Notice. Defendants reserve all rights, claims, defenses, affirmative defenses and motions, including without limitation all jurisdiction, procedural, and substantive defenses available under state or federal law.

**RELIEF REQUESTED**

WHEREFORE, Defendants David Bailin and Bailin Wealth Strategies hereby requests that the United States District Court for the District of New Jersey assume jurisdiction over the above-captioned action and issue such further orders and processes as maybe necessary to bring before it all parties necessary for the trial of this action.

Respectfully submitted,

**STEVENS & LEE, P.C.**

Dated: November 12, 2026

By: /s/ /*Jacob E. Ballarotto*

Jonathan A. Scobie, Esq.
jonathan.scobie@stevenslee.com
Jacob E. Ballarotto, Esq.
Jacob.ballarotto@stevenslee.com
STEVENS & LEE, P.C.
A Pennsylvania Professional Corporation
510 Carnegie Center Drive, Suite 400
Princeton, NJ 08540
T: 609-243-6438

*Counsel for Defendants David L. Bailin and Bailin Wealth Strategies, LLC*